IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER D. HILL, No. 08741-025, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-cv-172-MJR |
| | ) |
| JOSEPH R. MURPHY, Special Agent, | ) |
| BRAD ROSSLER, Special Agent, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Walter Hill, a prisoner in the custody of the Federal Bureau of Prisons ("BOP") who currently is incarcerated in the Butner Correctional Complex, brings this action pro se pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged deprivations of his constitutional rights by persons acting under color of federal law. Plaintiff is currently serving a sixty month sentence which this Court imposed on November 12, 2010. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Amended Complaint

Plaintiff's Amended Complaint (Doc. 21) is now controlling. Plaintiff claims violations of his Fourth and Fifth Amendment rights based on alleged incidents that occurred during questioning by the Defendants, FBI Special Agents Murphy and Rossler, prior to Plaintiff's indictment in *United States v. Walter D. Hill*, Case No. 3:09-cr-30116 MJR. In that case, Hill pleaded guilty to charges of attempted extortion and making false statements to the Federal Bureau of Investigation ("FBI") and the Internal Revenue Service ("IRS").

Plaintiff first claims that Defendants' confiscation of his weapon during questioning constitutes an unlawful seizure in violation of his constitutional rights.

As his second claim, Hill states that Special Agents Murphy and Rossler unlawfully detained, strip-searched and interrogated him for an extended period of time, while denying him access to legal counsel.

Hill also claims that Defendants violated his due process rights by harsh interrogation, by unlawfully arresting and detaining him in his home, and by displaying excessive force.  Hill further asserts that Defendants violated his constitutional rights by showing deliberate indifference toward his right to proper and necessary medical attention and treatment while talking to him in his home.  Plaintiff claims that, unbeknownst to him at the time, he suffered a stroke during his questioning by Murphy and Rossler.  He states that this caused him prolonged pain and suffering.

Plaintiff seeks compensatory and punitive damages in an unspecified amount.

**Discussion**

All of Plaintiff's claims arise from conduct that he alleges took place during the Defendants' questioning of him in his residence on March 19, 2009.  Plaintiff's statements to Defendant Murphy and Defendant Rossler concerned the offense conduct to which he pleaded guilty in Case No. 3:09-cr-30116 MJR.  Plaintiff claims unlawful interrogation techniques, denial of a right to counsel and unlawful seizure of his property--  a Springfield 9 mm handgun, which the Defendants took control of during questioning.   Such matters are the proper subject of a civil rights suit under § 1983 only in limited circumstances.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

3

>order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).

Thus, a closer examination of Plaintiff's claims is in order.  *Id*. at 487.  Plaintiff's underlying conviction has not been invalidated.  The Seventh Circuit, however, has recognized that Fourth Amendment claims do not inevitably undermine a conviction because a plaintiff may have a successful wrongful search, seizure, or arrest claim and still have a perfectly valid conviction.  *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997).

Without further argument and/or evidence, it cannot be determined whether Hill's conviction would stand without evidence procured during his questioning by federal agents.  Therefore, the Court cannot determine, without further proceedings whether *Heck* would be a bar to Plaintiff's claims of unconstitutional conduct.  Typically, whether a conviction precludes a § 1983 claim for unlawful arrest depends upon the facts of the case at hand.  *See, e.g., Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004) ("[A] wrongful arrest claim does not necessarily undermine a conviction"); *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996) ("[A] wrongful arrest claim . . . does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction.").  *See also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (teaching that whether a plaintiff's claim is *Heck*-barred should not be evaluated by seeing if there is a "theoretical possibility" that the plaintiff can advance a theory of

liability that does not undermine the legitimacy of the plaintiff's criminal conviction, but rather should be evaluated by seeing whether the plaintiff's theory includes "allegations that are inconsistent with the conviction's having been valid"; if the latter, "*Heck* kicks in and bars his civil suit.").

While Plaintiff's responses to questioning by Agents Murphy and Rossler may have helped lead to his conviction on the underlying offense, it is not clear at this stage of the proceedings whether plaintiff's conviction would necessarily be impugned absent that evidence, and would thus be barred by the threshold determination of *Heck*. Plaintiff's claims of violations of his Fourth and Fifth Amendment rights cannot be dismissed at this time.

### Pending Motions

Because all of Plaintiff's previously filed motions have been addressed by this Court, Plaintiff's motion for status of motions (Doc. 25) is **DENIED AS MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that **Count One**, **Count Two** and **Count Three** against Defendants Murphy and Rossler Mason shall receive further consideration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **MURPHY** and **ROSSLER** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant,

and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 26, 2012**

                                             **s/ MICHAEL J. REAGAN**
                                             **Michael J. Reagan**
                                             **U.S. District Judge**