IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER D. HILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11-cv-172-MJR-SCW |
| JOSEPH R. MURPHY and BRAD ROESSLER, | ) ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**WILLIAMS, Magistrate Judge:**

### I. Introduction

This case is before the Court on a Motion and Memorandum in Support of Motion for Summary Judgment (Doc. 33)[1] filed by Defendants Joseph R. Murphy and Brad Roessler. The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (c)**, **FEDERAL RULE OF CIVIL PROCEDURE 72(b)**, and **Local Rule 72.1(a)** for a Report and Recommendation on the issue of whether Plaintiff's claims against Defendants are barred by the *Heck* doctrine. It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** the motion for summary judgment (Doc. 33).

### II. Findings of Fact

Plaintiff filed his Verified Amended Complaint (Doc. 21) on October 21, 2011 alleging that Defendants Joseph Murphy and Brad Rossler violated his Fourth and Fifth Amendment rights when they entered his home and detained him without a warrant. His Complaint alleges that on

---
[1] While Defendants entitled their motion as a "Motion to Dismiss", the undersigned finds this to be a mere typo and Defendants' motion is actually requesting summary judgment on Plaintiff's claims.

March 19, 2009 Defendants, while employed by the Federal Bureau of Investigations and Internal Revenue Service, unlawfully detained Plaintiff in his own home. The undisputed facts of the case, taken mostly from facts established in Plaintiff's criminal case[2] and the appeal of that case are as follows.

Plaintiff was a fraternity brother of Alvin Parks and when Parks ran for Mayor of East St. Louis, Plaintiff acted as a campaign organizer and fund raiser. *United States v. Hill*, **645 F.3d 900, 904 (7th Cir. 2011).** Parks won the election and upon entering office created the position of deputy liquor commissioner. *Id.* Parks appointed Plaintiff to the position although Plaintiff admitted he had no administrative experience or experience with liquor licenses. *Id.* Plaintiff also acted as an assistant to the mayor appearing at public events in his stead. Plaintiff was granted the authority by the mayor to accept and review applications for liquor licenses as well conduct on-site inspections for current liquor license holders. *Id.* Plaintiff could also issue citations. Although the mayor had ultimate authority to issue and renew licenses, Plaintiff "oversaw and had substantial influence over the process." *Id.* Plaintiff informed the FBI that he basically had authority over all the liquor licensing process as "the [m]ayor [did] not really know what he [was] doing in reference to liquor licenses." *Id.*

Plaintiff, however, was ultimately charged with using his position of authority to extort individuals, as well as giving false statements to agents from the Federal Bureau of Investigations and the Internal Revenue Service. Specifically, Plaintiff was charged and ultimately pled guilty to "misusing the authority of his office to solicit and obtain money and property and request sexual favors from liquor license holders." *Id.* The Government alleged that Plaintiff extorted money from, among other people, Omar Shehadeh for $5,000 after threatening to close down his business if

---

[2] Plaintiff's criminal case can be found at *United States v. Hill*, Case No. 09-CR-30116-MJR, -- WL – (S.D. Ill 2009). In restating the facts for this case, those facts pulled from documents in the criminal case will be referred to as "Criminal Case" documents.

he did not pay Plaintiff the requested amount. *Hill*, **645 F.3d 904-5**. Plaintiff had an individual identified as Albert ("A.T.") collect the money. *Id.* at **905**. Plaintiff was also charged with making false statements to federal agents. As part of his plea agreement, Plaintiff stipulated that on March 19, 2009, he knowingly made false statements to Special Agent Joseph Murphy of the Federal Bureau of Investigations and Special Agent Brad Roessler of the Internal Revenue Service (Criminal Case Doc. 48 p. 2). Specifically, Plaintiff informed the agents that the only money he ever took from businesses was for campaign purposes and that he never had anyone else collect money on his behalf. He later admitted that he had Albert ("A.T.") collect money from an O.S. (later identified as Omar Shehadeh) and that Plaintiff and Albert split the money obtained from Omar (*Id.*). The March 19, 2009 interview with the two agents forms the basis of Plaintiff's claims in his current § 1983 civil rights case.

Plaintiff alleges in his Verified Amended Complaint that on March 19, 2009, he heard Defendants knock on the door and that upon answering the door, Defendant Murphy entered first while aiming his gun at Plaintiff's torso and Rossler followed with his weapon trained on Plaintiff's head (Doc. 21 p. 3 ¶11). Plaintiff alleges that he was completely naked at the time Defendants entered his house, and that he was not allowed to put clothes on for at least ten minutes while his house was searched. He was eventually allowed to put on a pair of boxer briefs (*Id.* at p.3 ¶12).

Plaintiff was asked several questions by Defendants about his affiliation with politicians in East St. Louis. Plaintiff contends that Defendants tried to get him to "snitch" on several city politicians and to help them with their investigation into the officials (*Id.* at p.6 ¶ 22, p. 7 ¶ 25, p.9 ¶¶32-33). Plaintiff alleges that he was never given a Miranda Warning or presented with a search warrant while the Defendants were in his house (*Id.* at p. 4 ¶14, p.10 ¶¶33-34). Plaintiff states that he informed the Defendants several times that he did not want to speak with them and asked for an attorney on at least two occasions (*Id.* p. 4 ¶14,pp. 7-8 ¶27, p. 10 ¶34). Defendants demanded to

know if Plaintiff had a firearm in his home and Plaintiff told them where his firearm was located (*Id.* at pp. 4-5 ¶15). Defendants recovered a 9mm handgun, which was confiscated (*Id.* at p. 5 ¶16).

On August 19, 2009, Plaintiff was indicted and on April 21, 2010, a Superseding Indictment was filed charging Plaintiff with four counts including conspiracy to commit extortion (Count 1), attempted extortion (Count 2), corruptly demanding money and property intending to be influenced in connection with the duties of deputy liquor commissioner (Count 3), and giving false statements (Count 4) (Criminal Case Doc. 27 pp. 8-9). Plaintiff initially filed a motion to suppress the statements made during the March 19, 2009 interview, alleging that he was subject to a warrantless search, was illegally seized by the agents, and that no Miranda warning was given. However, Plaintiff withdrew the motion one day prior to the motion to suppress hearing and eventually pled guilty to the charges of attempted extortion and false statements (Criminal Case Docs. 45, 47, & 48). Plaintiff signed a stipulation as part of his plea which acknowledged that he made a false statement to Joseph Murphy and Brad Roessler during his interview with them on March 19, 2009 (Criminal Case Doc. 48 p. 2).

Plaintiff was sentenced on November 12, 2010 (Criminal Case Doc. 66).[3] Plaintiff appealed his sentence to the Seventh Circuit Court of Appeals. Plaintiff also has a §2255 habeas petition, filed June 7, 2012, regarding his sentencing pending. *See Hill v. United States*, **Case No. 12-cv-693-MJR, --WL--(S.D. Ill. 2012) (Doc. 1).** While Plaintiff's appeal was still pending, Plaintiff filed his § 1983 Complaint on March 7, 2011. Plaintiff's Verified Amended Complaint, filed on October 21, 2011, ultimately raised three claims: (1) that Defendants violated his Fourth and Fifth Amendment rights by seizing his firearm; (2) Defendants violated his Fourth and Fifth Amendment rights when they detained, strip searched, and interrogated him for three hours without a warrant,

---

[3] Although Defendants also argue that *Heck* should apply to this case because the Court relied on the statements at issue in sentencing, resolution of these issues is not necessary for the disposition of the current motion.

during which time they denied him access to an attorney; and (3) Defendants violated his due process rights through a harsh interrogation, by unlawfully arresting and detaining him in his own home, and by displaying excessive force (Doc. 27).

In response to Plaintiff's Verified Amended Complaint, Defendants have filed the instant motion for summary judgment, seeking to dismiss Plaintiff's claims under the *Heck* doctrine. While the undersigned notes that Defendants initially labeled the caption of their motion as a "motion to dismiss", the substance of the motion and later filings by the Defendants indicate that they are actually seeking summary judgment on Plaintiff's claims. Specifically, the Court notes that the motion only mentions the title "motion to dismiss" in the caption of the motion and requests that the Court consider documents outside of the pleadings, which would not be proper in reviewing a motion to dismiss under Rule 12(b)(6). Further, the motion fails to include any language regarding the standard for a dismissal under Rule 12(b) or, for that matter, the standard for summary judgment under Rule 56. The undersigned also notes that, subsequent to filing the motion, defense counsel provided Plaintiff with a Rule 56 notice (Doc. 34), a notice only required for summary judgment motions. In the notice, defense counsel informs Plaintiff that Defendants have filed a summary judgment motion and informs Plaintiff of the response deadline and consequences of failing to respond to a summary judgment motion under Rule 56. Thus, as Defendants' motion is in form and substance one for summary judgment under Rule 56 and Defendants have provided Plaintiff with the proper notice under Rule 56, the Court will treat Defendants motion as one for summary judgment. Given that Plaintiff was provided a Rule 56 notice, he had ample time and opportunity to respond to the motion and the factual allegations raised by Defendants' motion.

### III.   Conclusions of Law

Given that Defendants seek to have this Court review matters found outside of the

Complaint, the Court finds that Defendants' motion should more properly be construed as a motion for summary judgment under **FEDERAL RULE OF CIVIL PROCEDURE 56**. Summary Judgment is proper only "if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Dynegy Mktg. & Trade v. Multi Corp.*, **648 F.3d 506, 517 (7th Cir. 2011) (internal quotation marks omitted)(citing FED.R.CIV.P. 56(a));** *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* **422 F.3d 603, 607 (7th Cir. 2005).** The party seeking summary judgment bears the initial burden of demonstrating - based on the pleadings, affidavits, and/or information obtained via discovery - the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986).**

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 250 (1986)(quoting FED.R.CIV.P. 56(e)(2)).** A fact is material if it is outcome determinative under applicable law. *Anderson*, **477 U.S. 242, 248 (1986);** *Ballance v. City of Springfield, Illinois Police Department*, **424 F.3d 614, 616 (7th Cir. 2005);** *Hottenroth v. Village of Slinger*, **388 F.3d 1015, 1027 (7th Cir. 2004).** A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, **477 U.S. at 248.** "A mere scintilla of evidence in support of the nonmovent's petition is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion." *Albiero v. City of Kankakee*, **246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted).**

On summary judgment, the Court considers the facts in the light most favorable to the non-movant. *Srail v. Vill. of Lisle*, **588 F.3d 940, 948 (7th Cir. 2009).** The Court adopts

reasonable inferences and resolves doubts in the nonmovant's favor. *Id.*; *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, **528 F.3d at 512**. Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull*, **371 F.3d 928, 935 (7th Cir. 2004).** *See also Anderer v. Jones*, **385 F.3d 1043, 1064 (7th Cir. 2004).**

A.    *Heck v. Humphrey*

Defendants argue in their motion that Plaintiff's claims under the Fourth and Fifth Amendment should be dismissed because they are barred by the doctrine established in the Supreme Court case *Heck v. Humphrey*, **512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).** In *Heck*, the Supreme Court held that a prisoner is barred from pursuing a § 1983 claim when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, **512 U.S. at 487, 114 S.Ct. 2364, 129 L.Ed.2d 383.** The rule is "analogous to collateral estoppel: an issue determined with finality in a full and fair adjudicative proceeding…cannot be reopened in a subsequent case." *Moore v. Mahone*, **652 F.3d 722, 723 (7th Cir. 2011) (citing** *Gilbert*, **512 F.3d at 901).** Instead of pursuing claims through a civil rights suit under § 1983, the proper vehicle for a plaintiff to challenge the duration of his sentence is through a habeas corpus petition. *Muhammad v. Close*, **540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004);** *DeWalt v. Carter*, **224 F.3d 607, 614 (7th Cir. 2000);** *Burd v. Sessler*, **Case No. 12-1337, 2012 WL 6554695 (7th Cir. Dec. 17, 2012)("[B]ecause habeas corpus is the exclusive remedy for a challenge to the fact or duration of one's confinement,…,an inmate must first seek to set aside his conviction through habeas corpus before initiating a § 1983 action that necessarily calls that conviction into doubt.").**

B.    Fourth and Fifth Amendment Claims

Here, Defendants argue that Plaintiff's claims are barred by the doctrine established in

*Heck* because a finding in Plaintiff's favor that his rights were violated during the March 19, 2009 interview would necessarily invalidate his conviction and sentence for false statements. Plaintiff alleges that Defendants violated his Fourth and Fifth Amendment rights when they detained and interrogated him without a warrant. While many Fourth Amendment claims can proceed without undermining a conviction, the court must look at the specific claim to determine if a "successful challenge…[will] indeed impugn on the validity of the plaintiff's conviction." **Wiley v. City of Chicago, 361 F.3d 994, 997 (7th Cir. 2004);** *see also Washington v. Summerville*, **127 F.3d 552, 556 (7th Cir. 1997) (wrongful arrest claim does not undermine a conviction);** *Hoeft v. Anderson*, **409 Fed. Appx. 15, 18 (7th Cir. 2011).** The court must look at whether the plaintiff is challenging a finding in his criminal case "that was essential to the decision in that case." *Moore*, **652 F.3d at 723.** If the plaintiff's § 1983 claims challenge a finding essential to his conviction, then his case must be dismissed pursuant to *Heck*. *Id*.

Here, Plaintiff seeks to challenge numerous constitutional violations that he claims occurred during the March 19, 2009 interview by Defendants. Specifically, Plaintiff claims that Defendants violated his civil rights when they confiscated his gun during the interview, unlawfully detained and interrogated him without a warrant or access to counsel, and unlawfully arrested and detained him. Plaintiff also raised these same claims in his motion to suppress when he sought to suppress the statements he made to Defendants during the March 19, 2009 interview. In order to determine if Plaintiff's claims regarding his interview are barred by *Heck*, the Court must determine whether those statements were essential to support his conviction and sentence. *Moore*, **652 F.3d at 723.** A review of the record shows that the statements obtained from the March 19, 2009 incident were essential to Plaintiff's conviction. In fact, Plaintiff was charged and eventually pled guilty to attempted extortion and false statements. The false statement that Plaintiff was charged with was

part of the statement Plaintiff made to Defendants on March 19. Specifically, Plaintiff was charged with making a false statement to the FBI and IRS when he initially told Defendants on March 19, 2009 that he never had anyone collect money for him (Criminal Case Doc. 27 at pp. 9-10; Doc. 48 p. 2 ¶ 3). He later admitted that he instructed Albert ("A.T.") to pick up money from O.S. and split the funds received with Albert, proving his earlier statement to Defendants to be false (*Id.*). This statement was the sole basis for Plaintiff's charge and conviction on the false statements count. Thus, if the Court found that Plaintiff's constitutional rights were violated on March 19, 2009 as to any of his claims, it would necessarily invalidate Plaintiff's statements made on that day and, in turn, invalidate his conviction as the statements on March 19 were the only evidence supporting Plaintiff's conviction on the false statements count. *Wiley*, **361 F.3d at 997;** *see also Hoeft*, **409 Fed. Appx. at 18 (Plaintiff's Fifth Amendment claims that a confession was obtained from him without being given his Miranda rights was barred by** *Heck* **as plaintiff's confession was the sole evidence used to establish his guilt for the crime of theft.)**. Accordingly, the undersigned **FINDS** that Plaintiff's claims are barred by the *Heck* doctrine as a finding in his favor would necessarily invalidate his conviction for false statements.

C. **Disposition**

Although *Heck* bars Plaintiff's claims at this time, the undersigned notes that Plaintiff's Fourth and Fifth Amendment claims were brought within the statute of limitations period and were timely. *See Evans v. Poskon*, **603 F.3d 362, 363 (7th Cir. 2010) (The Supreme Court held in** *Wallace v. Kato*, **549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) "that a claim that accrues before a criminal conviction may and usually must be filed without regard to the conviction's validity.").** Thus, the Court is left with two options in disposing of Plaintiff's claims: the Court may either dismiss Plaintiff's claims or stay Plaintiff's case if an appeal or collateral attack is pending. *See*

*Wallace*, **549 U.S. at 393-94, 127 S.Ct. 1091, 166 L.Ed.2d 973;** *Heck*, **512 U.S. at 487 n. 8, 114 S.Ct. 2364;** *Evans*, **603 F.3d at 364 (claims must either be stayed or dismissed).** The Seventh Circuit has instructed that a case should be stayed "if the same issue may be resolved in the criminal prosecution (including a collateral attack)." *Evans*, **603 F.3d at 363.** While Plaintiff does currently have a § 2255 habeas petition pending, the Court notes that petition will not resolve the same issues as Plaintiff's petition only raises issues in regards to the length of his sentence. *See Hill v. United States*, **Case No. 12-cv-693-MJR, --WL-- (S.D. Ill. 2012) (Doc. 1).** His petition does not address any issues with his motion to suppress or his conviction. Thus, the undersigned finds that a stay in this case is not warranted as the current collateral attack will not resolve the issues presented in this case. As such, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' motion for summary judgment and **DISMISS without prejudice** the § 1983 claims against Defendants. A dismissal without prejudice would allow Plaintiff to re-file his claim should his conviction be overturned in the future, presuming that the District Court allows for equitable tolling. *See Wallace*, **549 U.S. at 395 n. 4, 127 S.Ct. 1091;** *Moore*, **652 F.3d at 726.**

### IV.   Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff's claims are barred by the *Heck* doctrine and that Defendants' motion for summary judgment be **GRANTED** and Plaintiff's claims against them be **DISMISSED without prejudice**.

Should the Court adopt these findings, no claims will remain for trial.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir.**

**2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **April 1, 2013**.

**IT IS SO ORDERED**.

DATED: March 15, 2013.

/s/ Stephen C. Williams
STEPHEN C. WILLIAMS
United States Magistrate Judge