IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER D. HILL,                        )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )    Case No. 11-CV- 172-MJR-SCW
                                       )
JOSEPH R. MURPHY AND BRAD              )
ROESSLER,                              )
                                       )
                    Defendants.        )
                                       )
                                       )
                                       )

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 61), recommending that the Motion for Summary Judgment (Doc. 33) filed by Defendants Joseph R. Murphy and Brad Roessler be granted.[1]   The Report and Recommendation was entered on March 15, 2013, and included a Notice that any objections were due within fourteen days of service. Plaintiff filed an objection to the Report and Recommendation on May 13, 2013 (Doc. 67).

Background

In this 42 U.S.C. § 1983 case, Mr. Hill claims that Defendants Joseph Murphy and

---

[1] Although Doc. 33 was filed by Defendants as a "Motion to Dismiss" and remains labeled that way on the docket, Judge Williams finds it to be in form and substance one for summary judgment on Mr. Hill's claims.  The undersigned District Judge agrees and will also treat it as a "Motion for Summary Judgment."

Brad Rossler, while employed by the Federal Bureau of Investigations and Internal Revenue Service, violated his Fourth and Fifth Amendment rights when they entered his home and detained him without a warrant.   In 2009, Mr. Hill was the deputy liquor commissioner and possessed the authority to issue and renew liquor licenses.   In his criminal case, he was ultimately charged with using his position of authority to extort individuals, as well as giving false statements to Defendant agents from the FBI and IRS. On August 19, 2009, Mr. Hill was indicted and on April 21, 2010, a Superseding Indictment was filed charging Mr. Hill with four counts including: conspiracy to commit extortion (Count 1), attempted extortion (Count 2), corruptly demanding money and properly intending to be influenced in connection with the duties of deputy liquor commissioner (Count 3), and giving false statements (Count 4).   Mr. Hill plead guilty to Counts 2 and 4 of the Superseding Indictment on June 6, 2010 and was sentenced on November 12, 2010 (Criminal Case Doc. 66).

In Mr. Hill's Verified Amended Complaint (filed on October 21, 2011), he claims that on March 19, 2009: (1) Defendants violated his Fourth and Fifth Amendment rights when they seized his firearm; (2) Defendants violated his Fourth and Fifth Amendment rights when they detained, strip searched, and interrogated him for three hours without a warrant, during which time they denied him access to an attorney; and (3) Defendants violated his due process rights through a harsh interrogation, by unlawfully arresting and detaining him in his own home, and by displaying excessive force (Doc. 27).   In response to Mr. Hill's Amended Complaint, Defendants filed the instant motion for

summary judgment, seeking to dismiss Mr. Hill's claims under the *Heck* doctrine. Specifically, Defendants assert that a finding in Mr. Hill's favor that his rights were violated on March 19, 2009 would necessarily invalidate his conviction and sentence for false statements.   On December 26, 2012, Mr. Hill filed a response to the motion.

Discussion

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.   **28 U.S.C. § 636(b)(1)B), (C), Fed. R. Civ. P.72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**.   The Court "may accept, reject, or modify the magistrate judge's recommended decision."   ***Harper*, 824 F. Supp. at 788**.   In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'"   ***Id., quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8 at p.55 (1st ed. 1973) (1992 Pocket Part) (emphasis added)**.

Mr. Hill filed his objection to the Report and Recommendation on May 13, 2013, after which the Court extended him time to do so.   In that objection, Mr. Hill argues that 1) Defendants have received an unfair advantage due to the confusion over whether their motion was a motion to dismiss or motion for summary judgment, 2) his claim lies outside the purview of *Heck*, 3) the Report and Recommendation failed to address the merits of his claim.   The Court has considered Mr. Hill's objections and finds them to be

without merit.

Regarding Mr. Hill's first objection, the Court acknowledges the fact that Mr. Hill was caused much confusion regarding whether the motion filed by Defendants was a motion for summary judgment or motion to dismiss.   The Court finds, however, that this fact is immaterial as the controlling case law causing dismissal of Mr. Hill's claims is *Heck v. Humphrey,* 512 U.S. 477, 484-88 (1994).   Mr. Hill was given a sixty-day extension to respond to the motion for summary judgment, and he filed his response on December 26, 2012.   After recognizing the confusion caused to Mr. Hill, the Court gave Mr. Hill an additional 42 days to articulate his objections to the Report and Recommendation.   Mr. Hill had more than enough time to present an adequate defense to Defendants' motion. Further, Mr. Hill was long aware of *Heck*'s potential implication on his case, as the Court first mentioned this in its June 26, 2012 Order (Doc. 27).   Thus, the Court finds that Mr. Hill's objection that he has been disadvantaged is without merit.

Mr. Hill also objects that *Heck* does not bar his claim.   In the pending Report and Recommendation, Judge Williams finds that Mr. Hill's claims regarding the March 19, 2009 incident are barred by *Heck,* as a review of the record shows that the statements obtained during the interview were essential to Mr. Hill's conviction for false statements. In *Heck*, the Supreme Court held that a prisoner is barred from pursuing a § 1983 claim when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." ***Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)**.   The Court must look at whether the plaintiff is challenging a

finding in his criminal case "that was essential to the decision in that case."   ***Moore v. Mahone, 652 F.3d 722, 723 (7th Cir. 2011)***.   If the plaintiff's § 1983 claims challenge a finding essential to his conviction, then his case must be dismissed pursuant to *Heck*.

Mr. Hill was charged with making a false statement to the FBI and IRS when he initially told Defendants during the March 19, 2009 interview that he never had anyone collect money for him (Criminal Case Doc. 27 at pp. 9-10; Doc. 48, p. 2).   Mr. Hill now claims that his rights were violated when Defendants confiscated his gun during this interview, unlawfully detained and interrogated him without a warrant or access to counsel, and unlawfully arrested and detained him.[2]   As Judge Williams found, after considering all of the evidence, that "the statement was the sole basis for Plaintiff's charge and conviction on the false statements count" (Doc. 61).   The undersigned District Judge concurs with Judge Williams reasoning that if the Court finds that Mr. Hill's constitutional rights were violated on March 19, 2009 as to any of his claims, it would necessarily invalidate Mr. Hill's statements made on that day and, in turn, invalidate his conviction for false statements.   Thus, because Mr. Hill's claims would imply the invalidity of his conviction, the claim is barred by *Heck*.

In his objection, Mr. Hill cites to *Summerville v. Washington*, 127 F.3d 552 (7th Cir. 1997) for the proposition that many Fourth Amendment claims do not inevitably undermine a conviction.   While this is correct, Mr. Hill still does not give any support as to why *his* specific claims would not undermine his false statement conviction.   Thus,

---

[2] Plaintiff also raised these same arguments in his motion to suppress when he sought to suppress the statements he made to Defendants during the March 19, 2009 interview in his criminal case.

the Court also finds this objection to be without merit.

Lastly, Mr. Hill objects that his claim is meritorious and thus it should proceed. *Heck* is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."   ***VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006) (citing *Heck*, 512 U.S. at 484, 114 S.Ct. 2364)**.   The rule is intended to prevent "collateral attack on [a] conviction through the vehicle of a civil suit."   ***Id***.   Thus, even if Mr. Hill's claim is meritorious as he alleges, his claim may not proceed pursuant to the *Heck* doctrine.

<u>Conclusion</u>

The Court **ADOPTS** Magistrate Judge Williams' Report and Recommendation (Doc. 61) and **GRANTS** Defendants' Motion for Summary Judgment (Doc. 33). Plaintiff's claims against Defendants Joseph R. Murphy and Brad Rossler are **DISMISSED without prejudice**.   The case is **DISMISSED** and all pending motions are **DENIED as moot**.

IT IS SO ORDERED.

DATED: July 19, 2013

<u>s/Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge