UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER D. HILL,

      Plaintiff,

      v.

JOSEPH R. MURPHY and BRAD ROESSLER,

      Defendants.

Case No. 11-cv-172-JPG-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 176) of Magistrate Judge Stephen C. Williams recommending that the Court deny the motion to dismiss filed by defendants Joseph R. Murphy and Brad Roessler for plaintiff Walter D. Hill's failure to file the required initial partial filing fee (Doc. 161).   The defendants have filed objections to the Report (Doc. 180), and Hill has responded to those objections (Doc. 181).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.   Fed. R. Civ. P. 72(b)(3).   The Court must review *de novo* the portions of the report to which objections are made. *Id.*   "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Report, Magistrate Judge Williams notes that the Court assessed Hill an initial partial filing fee of $67.27 under 28 U.S.C. § 1915(b) when he filed this case and while he was incarcerated in the Bureau of Prisons ("BOP"), and that it further ordered payments thereafter of 20% of Hill's trust fund account balance until the entire $350.00 filing fee was paid.   The BOP collected and paid $57.00 of the initial partial filing fee, but Hill was then released at the end of

serving his sentence, so the BOP could no longer collect any fees from his inmate trust fund account.   Magistrate Judge Williams recommends the Court deny the defendants' motion to dismiss this case based Hill's failure to pay the balance of full initial partial filing fee – $10.27 – because it was not his fault the BOP failed to collect the entire amount due.   He also recommends the Court decline to order any further payment at this time in light of Hill's continuing indigent status.

In their objections, the defendants complain that Magistrate Judge Williams insufficiently considered whether Hill squandered his fund after he was released from prison and improperly accepted Hill's current statement of his finances without independent verification, when earlier testimony on an unrelated issue suggested Hill lies.   They also argue Hill was at fault for failing to pay his filing fee because he spent his money instead on a car and related costs after he was released from prison.   The defendants also raise a new argument – that Hill's complaint is frivolous or malicious and should therefore be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) – and hint at other new arguments that are not fully fleshed out.   Finally, they complain that Magistrate Judge Williams failed to expressly rule on their request to strike appointed counsel and improperly stayed the Court of Appeals' fee assessment order.   Hill responds, urging the Court to adopt Magistrate Judge Williams' Report.

The Court has reviewed the matter *de novo*.   As for the defendants' complaints about the way Magistrate Judge Williams resolves issues they raised before him, the Court finds his thorough and well-reasoned Report correct for the reasons stated therein.

As for the defendants' new arguments, those arguments are waived as to the current motion because they were not raised in the motion.   Ordinarily, arguments raised for the first time in an

objection are waived.   *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *see Divane v. Krull Electric Co.*, 194 F.3d 845, 849 (7th Cir. 1999).   "Failure to raise arguments will often mean that facts relevant to their resolution will not have been developed; one of the parties may be prejudiced by the untimely introduction of an argument . . . .   Additionally, a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them."   *Melgar*, 227 F.3d at 1040.   The defendants have not pointed to any special circumstances to justify deviating from the ordinary rule of waiver.

As for the defendants' argument that Magistrate Judge Williams failed to address their request to strike counsel and improperly stayed a Court of Appeals order, Magistrate Judge Williams' implicit recommendation not to reconsider recruitment of counsel is correct.   None of the arguments by the defendants present the type of extraordinary circumstances that would justify reconsideration of a non-final order.   *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).   Finally, no party has requested, and this Court has not ordered, a stay of any Court of Appeals order.   The defendants' argument in this regard is misplaced.

Following a *de novo* review of the matter, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 176);
- **OVERRULES** the defendants' objections (Doc. 180); and
- **DENIES** the defendants' motion to dismiss (Doc. 161);

**IT IS SO ORDERED.**
**DATED:   September 1, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**