UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER D. HILL,

          Plaintiff,

    v.                                         Case No. 11-cv-172-JPG-SCW

JOSEPH R. MURPHY and BRAD ROESSLER,

          Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 230) of Magistrate Judge Stephen C. Williams recommending that the Court deny the defendants' motion for summary judgment (except one claim that the plaintiff has abandoned) (Doc. 183) and motion for judgment on the pleadings (Doc. 208).   Defendants Joseph R. Murphy and Brad Roessler have filed objections to the Report (Doc. 236), and plaintiff Walter D. Hill has responded to those objections (Doc. 242).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.   Fed. R. Civ. P. 72(b)(3).   The Court must review *de novo* the portions of the report to which objections are made. *Id.*   "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."   *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Report, Magistrate Judge Williams found that there were genuine issues of fact regarding whether the defendants violated the Fourth Amendment rights of plaintiff Walter D. Hill when they entered his home on March 19, 2009, detained him and seized his gun.   Magistrate Judge Williams appropriately credited Hill's testimony when it conflicted with the defendants',

construed the evidence in his favor, and concluded that a reasonable jury could find there was insufficient justification for the defendants' actions.   Accordingly, with one exception for an argument Hill appears to have abandoned, Magistrate Judge Williams recommended denying the defendants' motions.   The Court has conducted a *de novo* review of the matters addressed in the Report and finds as follows.

In their objections, the defendants raise a number of immaterial complaints.   For example, they take issue with whether they admitted they had their guns drawn when they knocked on the front door to Hill's house.[1]   Hill testified that they did, so regardless of whether the defendants admitted it, the Court must accept it as true for the purposes of the pending motions.   Thus, whether the defendants made the admission is immaterial to the resolution of their summary judgment motion.   For another example, the defendants object to Magistrate Judge Williams's statement that another motion pending in this case (Doc. 229), but not fully briefed, was not yet ripe.   The Court is hard-pressed to see how Magistrate Judge Williams's characterization of a separate motion not yet under consideration by the Court could have any bearing on his recommendations in the Report.   The defendants' objection is simply not material to the matters before the Court in the Report.   As another example, the defendants object to Magistrate Judge Williams's decision to deny as moot their motion to strike "speculative evidence."   Magistrate Judge Williams denied the motion as moot because he did not rely on that evidence in formulating his recommendations.   Because the "speculative evidence" was not material to the recommendations in the Report, the defendants' objections to it in connection with the motions discussed in the Report are likewise not material.   Other examples of immaterial objections are

---

[1] Interestingly, the defendants state on page 3 of their brief that "[Special Agent] Murphy drew his weapon. . . .   As soon as Plaintiff opened the door, SA Murphy immediately holstered his weapon."   Thus, it appears defendant Murphy did, in fact, have his weapon drawn at the moment Hill opened his front door.

2

too numerous to mention individually.

Other objections simply ask the Court to credit the defendants' statements over Hill's or to draw inferences from ambiguous or conflicting evidence in the defendants' favor, which the Court cannot do on summary judgment.

As for the material objections, the Court has considered the relevant matters *de novo* and has determined that, for the reasons set forth in the Report, Magistrate Judge Williams was correct in his conclusions and recommendations.

As set forth above, following a *de novo* review of the matter, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 230);

- **OVERRULES** the defendants' objections (Doc. 236);

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment (Doc. 183).   The motion is **GRANTED** to the extent it seeks summary judgment on any claim Hill may have raised for deliberate indifference to his medical needs.   The motion is **DENIED** in all other respects;

- **DENIES** the defendants' motion for judgment on the pleadings (Doc. 208);

- **GRANTS** the defendants' motion to withdraw (Doc. 247) their motion for an earlier trial setting (Doc. 231);

- **FINDS AS MOOT** the defendants' motion for an earlier trial setting (Doc. 231) in light of the withdrawal of that motion; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   March 14, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**